**Howard YOUNG, Plaintiff—Appellant,**

v.

**TRANS UNION, et al., Defendants—Appellees.**

**No. 06–16051.**

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed Dec. 10, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App.P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Howard Young, Corcoran, CA, pro se.

Before: LEAVY, THOMAS and BERZON, Circuit Judges.

## ORDER

The memorandum disposition filed on July 16, 2007, is withdrawn. A replacement memorandum disposition will be filed concurrently with this order.

Appellant's motion for publication, petition for rehearing and petition for rehearing en banc are denied as moot.

## MEMORANDUM **

Howard Young appeals pro se from the district court's judgment dismissing his action against numerous defendants arising out of his ongoing criminal prosecution in California state court. We review de novo a dismissal pursuant to 28 U.S.C. § 1915. *Ramirez v. Galaza*, 334 F.3d 850, 853–54 (9th Cir.2003). This Court may raise the issue of *Younger* abstention at any point during the appellate process. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir.2000). We vacate the district court's judgment and remand with instructions to abstain from exercising jurisdiction over the action for damages and to stay the action until the state criminal proceeding has been completed.

The district court improperly treated Young's Fair Credit Reporting Act and state and federal Right to Financial Privacy Act claims as brought under 42 U.S.C. § 1983 and then dismissed them as barred

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

under *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because Young's complaint did not purport to allege those causes of action under section 1983. *See Bogovich v. Sandoval*, 189 F.3d 999, 1001 (9th Cir.1999) ("courts should not undertake to infer in one cause of action when a complaint clearly states a claim under a different cause of action.").

In light of the ongoing state court criminal proceedings, the district court was required under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), to abstain from exercising jurisdiction over Young's statutory claims for money damages and to stay the action until the state court proceeding was completed. *See Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir.2004) (en banc) ("when damages are sought and *Younger* principles apply, it makes sense for the federal court to refrain from exercising jurisdiction temporarily by staying its hand until such time as the state proceeding is no longer pending.").

Accordingly, we vacate the district court's judgment and remand for the limited purpose of allowing the district court to enter an order staying Young's action for damages until the state proceeding has been completed.

Appellant shall bear the costs on appeal.

**VACATED and REMANDED.**